## BROWN *v*. STATE.

### Opinion delivered November 16, 1925.

1. CRIMINAL LAW—CORROBORATION OF TESTIMONY OF ACCOMPLICE.— Testimony of the wife of an accomplice *held* a sufficient corroboration of the testimony of such accomplice if she herself was not likewise an accomplice.

2. CRIMINAL LAW—INSTRUCTION AS TO ACCOMPLICE.—In a prosecution for burglary, an instruction which submitted the question whether the wife of an accomplice was also an accomplice *held* sufficient to submit the issue.

Appeal from Calhoun Circuit Court; *W. A. Speer,* Judge; affirmed.

*J. S. McKnight,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

SMITH, J. Appellant, Ackie B. Brown, and one England Bunn were jointly indicted for the crime of burglary, alleged to have been committed by breaking and entering a store of one Charlie McLendon.

Bunn confessed his participation in the crime, and at the time of appellant's trial had been sentenced to the penitentiary. He testified that he and appellant broke into and entered the store and took a sack of flour, some sausage, a watch, some pocket knives and some bacon, and carried these things to the home of the witness and placed them in a trunk, which they took into a thicket and hid. This witness testified that his wife went with him and appellant to a place about fifty yards from the store, where she stopped, and that his wife did not know what he and appellant had planned to do and was not present at the time the store was broken into and entered, although he admitted that she returned home with them and was present when the stolen articles were placed in the trunk.

Rosie Bunn, the wife of England Bunn, was also called as a witness, and she testified that she went down the road, toward the store, with her husband and appellant, but that she did not know they intended to rob the store until after they had done so. On her cross-examination she admitted she was only about twenty feet from the place where the store was entered, but she also testified that she did not know what her husband and appellant had planned to do until after they had entered the store and were carrying the stolen articles to her home.

England Bunn was, of course, an accomplice, and the corroboration of his testimony required by § 3181, Crawford & Moses' Digest, depends on that of his wife, as the other testimony in the case merely showed the commission of the crime and the circumstances thereof. The testimony is sufficient to sustain the conviction if Rosie Bunn was not herself an accomplice in the commission of the crime.

The court submitted to the jury, under correct instructions, the question whether Rosie Bunn was in fact an accomplice, and told the jury that, if they found the facts so to be, her testimony could not be considered as corroboration of that of her husband.

Appellant asked only·one instruction, and it reads as follows:

". "You are instructed that if Rosie Bunn was present at the time the burglary was alleged to have been committed and watching for the purpose of assisting in the commission of said burglary, to see if any one approached while the defendant, Ackie B. Brown, and England Bunn are alleged to have been in the store, then she was an accomplice."

This instruction was refused, but the court gave the following instruction:

"7. You are further instructed that there is another witness by the name of Rosie Bunn who has testified in this case, and the court instructs you that you may take into consideration all·of her testimony in this case and determine yourselves whether or not she is an accessory. The court don't instruct you as a matter of law that the witness is an accessory, but the court leaves that to the jury to determine—first, as to whether or not the witness, Rosie Bunn, is an accessory in the commission of this offense. You are to decide yourselves whether or not she is an accessory, that is, whether she was present, aiding, either as principal or accessory. The principal is the party who actually commits the crime, and an accessory is one who stands by and aids and encourages and assists in the perpetration of the crime, and not being present and aiding in the perpetration of the crime, or had advised and encouraged beforehand. And if you believe from the testimony in this case that Rosie Bunn had any part in the commission of this offense, either as principal or accessory along with this defendant, then her testimony alone is not sufficient to convict this defendant; that is, unless it is sufficiently corroborated with other testimony independent of and in addition to her testimony which connects or tends to connect the defendant with the commission of the offense. And that corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof, but it must

show that the defendant was connected with the commission of the offense itself, and unless you so believe from the testimony that he was connected with the commission of the offense beyond a reasonable doubt, then it will be your duty to acquit.''

Appellant insists very earnestly that the controlling question in the case was whether Rosie Bunn was present watching while her husband and appellant entered the store, and that an instruction submitting this concrete question should have been given. It is the opinion of the majority, however, that instruction No. 7, set out above, correctly and sufficiently submitted this question.

Instruction No. 7 told the jury to determine whether Rosie Bunn was an accomplice, and that they should find that she was an accomplice if she was present, aiding either as a principal or accessory to the parties who actually committed the crime, and the instruction necessarily meant that if she was watching while others committed the crime she was necessarily a party to it; that is, if she was watching, she was present and aiding its commission. It is the opinion of all the judges that the refused instruction might well have been given, but the majority think the instruction which the court gave necessarily embraced the proposition of watching; that is, if she watched while her husband and appellant entered the store, she aided in the commission of the crime and was therefore an accomplice.

The jury evidently accepted as true the testimony of Bunn and his wife that she was not a party to the crime, that she did not know it was to be committed and was not present for the purpose of watching while it was being committed, and, if this be true, Rosie Bunn was not an accomplice, and her testimony is corroborative of that of her husband and is legally sufficient to sustain the conviction. The verdict of the jury is therefore affirmed.